**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ANTHONY AARON NIXON,            :
                                :   Civil Action No. 07-5702 (NLH)
            Petitioner,         :
                                :
       v.                       :   **OPINION**
                                :
WARDEN JEFF GRONDOLSKY,         :
                                :
            Respondent.         :

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondent |
| Anthony Aaron Nixon | Dorothy J. Donnelly |
| Allenwood Low | Asst. U.S. Attorney |
| P.O. Box 1000 | 402 East State Street |
| White Deer, PA 17887 | Room 430 |
| | Trenton, NJ 08608 |

**HILLMAN**, District Judge

    Petitioner Anthony Aaron Nixon, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, at the time he filed this Petition, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging the results of a prison disciplinary proceeding.  By agreement of the

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:
    (a) Writs of habeas corpus may be granted by
    the ... district courts ... within their
    respective jurisdictions ...
    (c) The writ of habeas corpus shall not
    extend to a prisoner unless- ... (3) He is in
    custody in violation of the Constitution or
    laws or treaties of the United States ... .

parties, Warden Jeff Grondolsky will be substituted for the named Respondent.

For the reasons set forth below, the Petition will be denied.

## I.   BACKGROUND

Petitioner is a federal prisoner serving a 188 month term of imprisonment pursuant to his conviction for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, in the United States District Court for the District of Maryland on September 24, 1997.  Petitioner's projected release date is February 12, 2011.

On June 20, 2007, Incident Report Number 1611848 was issued to Petitioner charging him with Possession of Anything Not Authorized[2] and Possession of Money Not Authorized.  The Incident Report stated that, while shaking down Petitioner's cell, the reporting officer had located a one dollar bill, which slipped out of a magazine located under the bed area.  Petitioner and one other prisoner were assigned to this cell.

On June 24, 2007, an initial hearing was held before a Unit Discipline Committee.  During this hearing, Petitioner stated that his cellmate had given a correctional officer a note of confession.  The UDC referred the Incident Report to a Disciplinary Hearing Officer ("DHO").

---

[2] This violation was later expunged.

On July 11, 2007, a hearing was held before the DHO. Petitioner waived his right to a staff representative. At the conclusion of the hearing, the DHO determined that Petitioner had committed the prohibited act of Possession of Money Not Authorized. The DHO stated that he relied upon Petitioner's statement, the statement of facts in the Incident Report, a photocopy of the dollar bill, the confession note from Petitioner's cellmate, and an interview with Petitioner's cellmate. In the interview with Petitioner's Spanish-speaking cellmate, the cellmate stated that the note, written in English, was not accurate and that he was afraid of Petitioner. Among other sanctions, Petitioner was sanctioned with disallowance of thirteen days Good Conduct Time.

Petitioner exhausted his administrative remedies and then filed this Petition for writ of habeas corpus, alleging that he was deprived of his due process rights in the disciplinary hearing because the reporting officer did not follow appropriate procedures for documenting and inventorying the alleged contraband, the dollar bill and the magazine in which it was found. Respondent asserts that Petitioner received all the process he was due.

## II.  LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person confined is not entitled thereto."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

### III.   ANALYSIS

#### A.   Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

#### B.   Petitioner's Claims

Petitioner alleges that he was deprived of his due process rights in the disciplinary hearing because the reporting officer did not follow appropriate procedures for documenting and inventorying the alleged contraband, the dollar bill and the magazine in which it was found.  Petitioner alleges that the reporting officer was angry because Petitioner's cellmate had been calling the officer names in Spanish.

5

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971). Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ... In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself or from state or federal law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[3] "the prisoner's interest has real substance and is

---

[3] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison. Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive

sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary

---

credit toward the service of their sentence based upon their conduct. See 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

7

proceedings. Id. at 569-70. Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to seek the aid of a fellow inmate or appropriate staff member. Id. at 570.

Finally, due process requires that findings of a prison disciplinary official, that result in the loss of good time credits, must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985).[4]

Here, neither the failure to provide Petitioner with a receipt for the confiscated magazine and dollar bill, nor the alleged malice of the reporting officer, nor the alleged failure to retain the alleged contraband deprived Petitioner of his due process rights. Petitioner received all the process required by Wolff. The finding of the DHI was supported by some evidence, including the statement of the reporting officer and the statement of the cellmate. Accordingly, Petitioner is not entitled to relief.

---

[4] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq. See, e.g., 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

IV.  CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: September 8, 2008